The defendant here has been tried twice, and this is the second time this case has been here. At the first trial, a jury found the defendant trooper not guilty of simple negligence. On the first appeal, I authored the opinion for the Court, which reversed the judgment for the defendant trooper because the trial judge failed to instruct the jury on wantonness.
On this second appeal, the majority has found that the trial judge committed prejudicial error in admitting evidence of the defendant's training and instruction in "catch-up" driving. I do not believe this was error, and I concur with what the Chief Justice has written in his dissent on this point, but, even assuming it was error, I believe it was harmless. Rule 45, Ala.R.App.P., provides that "[no] judgment may be reversed or set aside, nor new trial granted in any civil . . . case on the ground of . . . the improper admission . . . of evidence, . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of theentire cause, it should appear that the error complained of hasprobably injuriously affected substantial rights of the parties." (Emphasis added.) After an examination of the entire cause, and being aware that two juries have now exonerated the defendant trooper, I would not authorize a new trial; therefore, I must respectfully dissent.